UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut Corporation,<br><br>         Plaintiff,<br><br>v.<br><br>BAYWA R.E. EPC, LLC, a Delaware Limited Liability Company; GM ENGINEERING, INC., a California Corporation; CHRIS AMBUUL; DONALD M. SANDERS; HONEY BEE RANCH, a California Limited Liability Company; FINANCIAL PACIFIC INSURANCE GROUP, a California corporation; and DOES 1 through 10 inclusive,<br><br>         Defendants. | Case No.: 24-CV-264 TWR (MSB)<br><br>**ORDER (1) GRANTING LIMITED JURISDICTIONAL DISCOVERY; (2) ORDERING DEFENDANT BAYWA R.E., LLC TO SUPPLEMENT ITS CORPORATE DISCLOSURE STATEMENT; AND (3) ORDERING DEFENDANT HONEY BEE RANCH, LLC TO SUPPLEMENT ITS CORPORATE DISCLOSURE STATEMENT**<br><br>(ECF Nos. 14, 20, 22) |

   Presently before the Court is Plaintiff The Travelers Indemnity Company of Connecticut's Response to Order to Show Cause re Subject-Matter Jurisdiction. ("Resp.," ECF No. 22.) In its Response, Plaintiff argues that the Court has subject matter jurisdiction over Defendants BayWa R.E. EPC, LLC ("BayWa") and Honey Bee Ranch, LLC ("Honey

Bee") in light of certain representations each Defendant has made in this action. (*See id.* at 2, 4–5.)

As the Court previously explained in its March 11, 2024 Order to Show Cause ("Order," ECF No. 10), a limited liability company "is a citizen of every state of which its owners/members are citizens." *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Where a limited liability company has as its member another limited liability company, a plaintiff must allege the citizenship of that limited liability as well. *See id.* "This process continues until every layer of limited liability company membership has been reduced to the citizenship of its individual members." *Hooks v. Spire Hospitality, LLC*, No. 23-cv-389, 2023 WL 2611795, at *1 (W.D. Wash. Mar. 23, 2023). To demonstrate complete diversity, Plaintiff must allege the citizenship of each of Defendants BayWa and Honey Bee. (*See* Order at 2.)

With respect to Defendant BayWa, Plaintiff points to the statements in BayWa's corporate disclosure statement (ECF No. 14) as evidence of the citizenship of BayWa's members. (*See* Resp. at 2, 4–5.) BayWa's corporate disclosure statement provides:

> Defendant BAYWA R.E. EPC, LLC is a Delaware limited liability company with its principal place of business located in Irvine, California, and has BayWa R.E. Solar Projects, LLC as its sole member. BayWa R.E. Solar Projects, LLC, a Delaware limited liability company, has BayWa R.E. USA LLC as its sole member. BayWa R.E. USA LLC, a Delaware limited liability company, has BayWa R.E. AG as its sole member. BayWa R.E. AG is a German corporation owned 51% by BayWa EEH GmbH and 49% by Ruby Renewables Invest GmbH. BayWa EEH GmbH is a German wholly-owned subsidiary of BayWa AG, a German corporation traded on the Frankfurt Stock Exchange. No company owns more than 10% of the stock of BayWa AG.

(ECF No. 14.) In its current form, BayWa's corporate disclosure statement is deficient because it fails to identify affirmatively the state of incorporation or principal place of business of BayWa R.E. AG. *See* 28 U.S.C. § 1332(c)(1); *see also Kovac v. Transamerica Fin. Life Ins. Co.*, No. 22-cv-8220, 2023 WL 2347439, at *1 (C.D. Cal. Jan. 26, 2023) ("If a member of an LLC is a corporation, then the state of incorporation and its

principal place of business must be shown."); *ThermoLife Int'l, LLC v. Werteks Closed Stock*, No. 19-cv-9671, 2019 WL 8198213, at *1 (C.D. Cal. Nov. 14, 2019) (dismissing complaint for lack of subject matter jurisdiction where complaint alleged defendant was a "Russian company with a princip[al] place of business in Russia at 196135, Saint Petersburg, Moskovski District, Tipanova Street, Bldg 8, Apartment 100" because "it is unclear which state(s) or foreign state(s) in which Defendant has been incorporated"). The Court, accordingly, **ORDERS** Defendant BayWa to supplement its corporate disclosure statement.[1]  Because Plaintiff relies solely on Defendant BayWa's deficient corporate disclosure statement to demonstrate BayWa's citizenship as an LLC, Plaintiff has not satisfied the Court that it properly may exercise subject-matter jurisdiction over this action.

With respect to Defendant Honey Bee, Plaintiff points to a statement in Defendants Chris Ambuul, Donald M. Sanders, and Honey Bee's Answer ("Answer," ECF No. 20), in which it admitted that Defendant Chris Ambuul "is an individual domiciled in the State of California, and resident of the County of San Diego."  (Resp. at 5 (citing Answer ¶ 4)); (*see also* "Compl.," ECF No. 1, at ¶ 4.).  In light of this admission, Plaintiff argues it is "informed and believes that the sole member of Honey Bee Ranch, LLC is Chris Ambuul." (Resp. at 5.)  This is insufficient.  First, Plaintiff alleges in its Complaint that "Defendants [Chris Ambuul], [Donald M. Sanders] and [Honey Bee] are collectively referred to as HONEY BEE PLAINTIFFS." (Compl. ¶ 6.)  It is unclear why, in light of this allegation, Plaintiff now alleges on information and belief that Defendant Chris Ambuul is the *sole* member of Defendant Honey Bee.  Further, "[j]urisdictional allegations based on information and belief are insufficient to confer jurisdiction." *Oto Analytics, Inc. v. N. Am. Bancard, LLC*, No. 24-cv-2113, 2024 WL 1323558, at *1 (C.D. Cal. Mar. 27, 2024) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual

---

[1]  The Court would prefer that Defendant BayWa's amended corporate disclosure statement expressly state the "citizenship" of "every individual or entity whose citizenship is attributed to that party [.]" Fed. R. Civ. P. 7.1(a)(2).

circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); then citing *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (holding that statements made "to the best of my knowledge and belief" are insufficient)). Absent affirmative allegations concerning all of Honey Bee's owners and members, the Court cannot determine whether Plaintiff has properly invoked the Court's subject-matter jurisdiction.

Finally, Honey Bee's corporate disclosure statement (ECF No. 20-1) likewise fails to comply with Federal Rule of Civil Procedure 7.1(a)(2) because it fails to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party[.]" The Court, therefore, **ORDERS** Defendant Honey Bee to supplement its corporate disclosure statement.

Plaintiff argues in the alternative that it should be permitted to conduct limited discovery into the domicile of Defendants BayWa and Honey Bee. (Resp. at 5.) "Jurisdictional discovery 'should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Digital Media Solutions, LLC v. Zeetgroup, LLC*, No. 22-cv-01184, 2022 WL 17419359, at *2 (S.D. Cal. Dec. 5, 2022) (quoting *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). Because "a more satisfactory showing of the facts is necessary," the Court concludes that limited jurisdictional discovery into the citizenship of Defendants' BayWa and Honey Bee's owners/members is appropriate. The Court therefore **GRANTS** Plaintiff's request for limited jurisdictional discovery. Specifically, Defendant BayWa **MAY FILE** a declaration concerning the citizenship of its members and/or owners within seven (7) days of the electronic docketing of this Order. Should Defendant BayWa decline to file a declaration, Plaintiff **MAY CONDUCT** a single, remote deposition of a corporate representative of Defendant BayWa that is limited to the citizenship of Defendant BayWa's members and/or owners within twenty-eight (28) days of the electronic docketing of this

Order.  Regardless of whether Defendant BayWa files a declaration, it **MUST FILE** a supplemental corporate disclosure statement, as set forth above, within seven (7) days of the electronic docketing of this Order.

Additionally, Defendant Honey Bee **MAY FILE** a declaration concerning the citizenship of its members and/or owners within seven (7) days of the electronic docketing of this Order.  Should Defendant Honey Bee decline to file a declaration, Plaintiff **MAY CONDUCT** a single, remote deposition of a corporate representative of Defendant Honey Bee that is limited to the citizenship of Defendant Honey Bee's members and/or owners within twenty-eight (28) days of the electronic docketing of this Order.  Regardless of whether Defendant Honey Bee files a declaration, it **MUST FILE** a supplemental corporate disclosure statement, as set forth above, within seven (7) days of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated:  April 23, 2024

_____
Honorable Todd W. Robinson
United States District Judge